IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY MALDONADO, # N-72794, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-773-JPG |
| | ) |
| MARVIN POWERS, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALVADORE A. GODINEZ, | ) |
| YOLANDE JOHNSON, | ) |
| GINA ALLEN, and TOMA OSMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Tamms Correctional Center ("Tamms"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Powers, the Tamms physician, was deliberately indifferent to a serious medical condition. More specifically, Plaintiff claims he has suffered from a series of 45 ear infections between June 2004 and November 2011, which Defendant Powers has treated with repeated antibiotic prescriptions. As a result of the ear infections, Plaintiff has suffered substantial permanent hearing loss in both ears. Defendant Powers has refused to prescribe hearing aids, explaining that they are too expensive. Further, Defendant Powers has denied Plaintiff's requests to be referred to an outside specialist for more effective treatment of his recurring ear infections, again because of the cost.

In November 2011, Plaintiff was diagnosed with MRSA (Methicillin-resistant staphylococcus aureus), a potentially serious infection, that he claims resulted from a weakened immune system due to Defendant Powers' excessive use of antibiotics to treat the ear infections.

Plaintiff seeks injunctive relief for specific medical treatment, including providing him with hearing aids, as well as compensatory and punitive damages.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. At this stage of review, Plaintiff's allegations must be taken as true. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011).

Medical negligence or even malpractice cannot support a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). However, an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). Further, as to Defendant Powers' refusal to provide Plaintiff with hearing aids, the fact that treatment was denied in order to save time and money is not a defense to an Eighth Amendment claim. *See Johnson v. Phelan*, 69 F.3d 144, 155-56 (7th Cir. 1995). Because at this stage of the proceedings, it cannot be determined whether Defendant Powers' actions constituted appropriate treatment, malpractice, or amounted to deliberate indifference, the claim against him for deliberate indifference to serious medical needs shall receive further review.

Likewise, Plaintiff's allegations, liberally construed, that his treatment was limited or denied because of the need to contain costs may articulate a claim that Defendant Wexford Health Sources, Inc. ("Wexford"), has a policy that creates conditions that infringe upon his constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Accordingly, the deliberate indifference claim against Defendant Wexford is not subject to dismissal at this time.

Defendants Godinez (the Director of the Illinois Department of Corrections) and Johnson (Tamms warden), appear to have had no personal involvement in determining Plaintiff's course of treatment. Plaintiff alleges merely that they denied his grievances over Defendant Powers' actions, and that they supervised Defendant Powers. Thus, Plaintiff has failed to state a claim against these Defendants for deliberate indifference to his medical needs. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)(grievance procedure will not give rise to a constitutional claim). However, because the involvement of these Defendants may be necessary if injunctive relief is ultimately found appropriate, they shall not be dismissed from the action at this time.

Finally, the claim against Defendants Allen and Osman shall be dismissed, because the complaint indicates only that they denied Plaintiff's grievances over the alleged unconstitutional conduct. This is not sufficient to state a constitutional claim against these Defendants. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

**Disposition**

    **IT IS HEREBY ORDERED** that Defendants **ALLEN** and **OSMAN** are **DISMISSED** from this action with prejudice.

    **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **POWERS, WEXFORD HEALTH SOURCES, INC., GODINEZ,** and **JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by

Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under§ 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **August 16, 2012**

                                      *s/J. Phil Gilbert*
                                      **United States District Judge**