IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY MALDONADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:12-cv-00773-JPG-PMF** |
| | ) |
| MARVIN POWERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are Plaintiff Roy Maldonado's (Doc. 38) request for injunctive relief and (Doc. 33) motion to amend the complaint. Also before the Court is Defendants Salvadore A Godinez and Yolande Johnson's (Doc. 28) motion to dismiss for failure to state a claim. Maldonado is presently incarcerated at Pontiac Correctional Center ("Pontiac"), a prison under the authority of the Illinois Department of Corrections ("IDOC"). An evidentiary hearing was held on January 22, 2013. Maldonado attended the hearing by video-conference and testified. For the following reasons, it is recommended that Maldonado's (Doc. 38) request for injunctive relief be denied as moot and (Doc. 33) motion to amend the complaint be denied. It is further recommended that Defendants Godinez and Johnson's (Doc. 28) motion to dismiss be granted.

On August 16, 2012, the Court screened Maldonado's complaint pursuant to its authority in 28 U.S.C. § 1915A. The Court summarized the relevant allegations of the (Doc. 1) complaint as follows:

> Plaintiff, currently incarcerated at Tamms Correctional Center ("Tamms"), has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Powers, the Tamms physician, was deliberately indifferent to a serious medical condition. More specifically, Plaintiff claims he has suffered

1

> from a series of 45 ear infections between June 2004 and November 2011, which Defendant Powers has treated with repeated antibiotic prescriptions. As a result of the ear infections, Plaintiff has suffered substantial permanent hearing loss in both ears. Defendant Powers has refused to prescribe hearing aids, explaining that they are too expensive. Further, Defendant Powers has denied Plaintiff's requests to be referred to an outside specialist for more effective treatment of his recurring ear infections, again because of the cost.
> In November 2011, Plaintiff was diagnosed with MRSA (Methicillin-resistant staphylococcus aureus), a potentially serious infection, that he claims resulted from a weakened immune system due to Defendant Powers' excessive use of antibiotics to treat the ear infections.
> Plaintiff seeks injunctive relief for specific medical treatment, including providing him with hearing aids, as well as compensatory and punitive damages.

Doc. 7 at 1-2. The Court found that Maldonado stated a deliberate indifference claim against Dr. Powers because, even though allegations of negligence or medical malpractice would not support a constitutional claim, "claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist." *Id*. at 2 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005)). The Court also found that Maldonado stated a claim against Wexford Health Sources, Inc., a medical provider that contracts with the IDOC for inmate medical treatment, due to their cost-saving policies that Dr. Powers was adhering to when treating Maldonado. *Id*. (citing *Woodward v. Corr. Med. Serv. of Ill., Inc*., 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002)). As for Defendants Godinez and Johnson, the Court stated:

> Defendants Godinez (the Director of the [IDOC]) and Johnson (Tamms warden), appear to have had no personal involvement in determining Plaintiff's course of treatment. Plaintiff alleges merely that they denied his grievances over Defendant Powers' actions, and that they supervised Defendant Powers. Thus, Plaintiff has failed to state a claim against these Defendants for deliberate

> indifference to his medical needs. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) (grievance procedure will not give rise to a constitutional claim).  However, because the involvement of these Defendants may be necessary if injunctive relief is ultimately found appropriate, they shall not be dismissed from the action at this time.

*Id*. at 3.  Finally, the Court dismissed Defendants Gina Allen (Chairperson of the Administrative Review Board) and Toma Osman (Counselor and Greivance Officer at Tamms) because Maldonado's complaints regarding them were related to the denial of his grievances. *Id*. (citing *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)).

On October 19, 2012, Defendants Godinez and Johnson filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 28) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  These Defendants note that the Court has already stated in the threshold order that Maldonado did not state a claim against them.  Accordingly, these Defendants assert that Maldonado can prove no set of facts that would entitle him to injunctive relief against them, and the request for injunctive relief is barred by the 11th Amendment to the U.S. Constitution.  Because the Court has already determined that Maldonado cannot possibly prove that Godinez and Johnson are presently violating federal law, Godinez and Johnson argue that the suit against them in their official capacities (i.e. the requested for injunctive relief) is barred by the 11th Amendment and should be dismissed.

On December 18, 2012, Maldonado a motion to amend the complaint (Doc. 33) in which he requested leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  Among the stated purposes of the proposed amendment were to remove Defendant Godinez as a Defendant and replace Defendant Johnson with Gregory Lambert, Chief

3

Administrative Officer of Tamms. Maldonado also intended to revive claims against Toma Osman and Gina Allen, which were dismissed on threshold review.

Next, Maldonado filed a motion for injunctive relief (Doc. 38) on January 2, 2013, in which he requested that the Court enter an emergency injunction that would force the Defendants to send him to an Ear, Nose, and Throat ("ENT") Specialist.

At the time of filing his (Docs. 33, 38) motions, Maldonado was still incarcerated at Tamms and under the care of Dr. Powers. In late December, however, he was transferred to Pontiac Correctional Center where he will be under the care of new treating physician. Maldonado testified and the Assistant Attorney General ("AAG") confirmed that the new treating physician has recommended that Maldonado be sent to an ENT Specialist. According to both Maldonado and the AAG, these plans have been set in motion and will more than likely occur. Based on these new developments, Maldonado agreed that his motion for injunctive should be denied as moot.

It is also apparent that, due to the transfer of Maldonado from Tamms to Pontiac, the claims against Defendants Powers and Johnson in their official capacities should be dismissed. Tamms prison has closed, and it does not appear very likely that these former Tamms employees will seek new employment at Pontiac. *See* Doc. 42-1 (affidavit of Marvin Powers, M.D.). Because Defendant Johnson is only a part of this lawsuit in her official capacity, she should be dismissed from this litigation.

Furthermore, it appears that Defendant Godinez should also be dismissed. The undersigned understands the initial purpose of Godinez's inclusion in this lawsuit. The Court would need to somehow exert authority over the prison officials controlling Maldonado's confinement if injunctive relief became necessary. However, Godinez has correctly pointed out

4

that this Court found that Maldonado did not state a claim against him. Accordingly, there is no prospective violation of federal law that would justify keeping him as a Defendant in this lawsuit. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002) (Under the [*Ex parte*] *Young* doctrine, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999)). Furthermore, Maldonado does oppose his dismissal. *See* Docs. 33-34. The injunctive relief portion of this lawsuit appears close to resolution. In the unlikely event that an injunction against Wexford Health Sources, Inc. becomes necessary in the future, it is doubtful that the Pontiac Warden would refuse to transport Maldonado to an outside examination.[1]

Finally, Under Federal Rule of Civil Procedure 15, a party may amend its pleading with the written consent of the other parties or the Court's leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). Here, Maldonado filed his (Doc. 33) motion to amend on December 18, 2012, while still confined at Tamms. The primary purpose of this amendment appears to be include the appropriate Tamms official in this lawsuit. Maldonado has since been transferred to Pontiac, and his request for injunctive relief is presently moot. Thus, the procedural posture of this case has changed significantly since the motion was filed last month. He has also attempted to revive claims against Defendants Allen

---

[1] Due to their contractual relationship, Pontiac would likely comply with the requirements a Court order against Wexford to prevent non-compliance sanctions.

and Osman that were rightfully dismissed at threshold. The interests of justice do not appear to warrant amending the complaint at this time.

## CONCLUSION AND RECOMMENDATION

For the forgoing reasons, it is recommended that:

1) Maldonado's (Doc. 38) request for injunctive relief be denied;

2) Godinez and Johnson's (Doc. 28) motion to dismiss be granted;

3) all claims against Marvin Powers in his official capacity be dismissed;

4) Godinez and Johnson be dismissed as Defendants this case; and

5) Maldonado's (Doc. 33) motion to amend the complaint be denied.

If this recommendation is adopted in its entirety, this case will proceed against 1) Defendant Marvin Powers, M.D., in his individual capacity and 2) Defendant Wexford Health Sources, Inc. in its individual and official capacities.

SO RECOMMENDED.

DATED: January 23, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE