IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY MALDONADO, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-773-JPG-PMF |
| MARVIN POWERS, WEXFORD HEALTH SOURCES, INC., SALVADORE A. GODINEZ, and YOLANDE JOHNSON, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 44) of Magistrate Judge Philip M. Frazier recommending that the Court (1) deny Maldonado's request for injunctive relief (Doc. 38); (2) grant Godinez and Johnson's motion to dismiss (Doc. 28); (3) dismiss all claims against Powers in his official capacity; (4) dismiss Godinez and Johnson from this case; and (5) deny Maldonado's motion to amend complaint (Doc. 33).  For the following reasons the Court adopts Judge Frazier's R & R.

1.  **R & R Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the R & R to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Maldonado does not object to the portion of the R & R recommending this Court deny his motion for injunctive relief.  The Court has reviewed that portion of the R & R and finds that it is not clearly erroneous.  Accordingly, the Court denies Maldonado's request for injunctive relief (Doc. 38).  Maldonado, however, objects to the portions of the R & R (1) granting Godinez and Johnson's motion to dismiss; (2) dismissing all claims against Powers in his official capacity; (3) dismissing Godinez and Johnson as defendants; and (4) denying his motion to amend complaint. Accordingly, the Court will review these objected portions *de novo*.

2. Facts

Maldonado, currently incarcerated at Pontiac Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at Tamms Correctional Center ("Tamms").  In it he alleged that Powers, a Tamms physician, was deliberately indifferent to a serious medical condition.  Specifically, Maldonado alleged that he had suffered from a series of ear infections which Powers continually treated with antibiotics.  These repeated ear infections caused Maldonado hearing loss.  Powers refused to prescribe hearing aids or refer Maldonado to a specialist, citing the prohibitive costs.  Maldonado further alleged that he developed methicillin-resistant staphylococcus aureus (also known as MRSA) as a result of a weakened immune system caused by Powers' excessive prescription of antibiotics.  Maldonado sought injunctive relief for medical treatment, including the provision of a hearing aid, compensatory and punitive damages.

After its threshold review pursuant to 28 U.S.C. § 1915A, this Court found that Maldonado stated claims against Powers for deliberate indifference to a serious medical need and Wexford Health Sources, Inc., for a policy that creates conditions that infringe upon his constitutional rights.  The Court dismissed the deliberate indifference claims against Godinez

and Johnson, but kept them in the case in the event this Court found injunctive relief appropriate. Finally, the Court dismissed the claims against Allen and Osman because their only role in Maldonado's claims involved denying his grievances.

### 3. Analysis

First, Maldonado objects to the portions of the R & R recommending this Court (1) grant Godinez and Johnson's motion to dismiss; and (2) dismiss Godinez and Johnson from this case. This Court previously concluded in its threshold order that Maldonado failed to state a claim against Godinez and Johnson. The sole reason these two defendants were left in this case was for injunctive relief purposes. Now, however, the Court has found denial of Maldonado's request for injunctive relief appropriate. Further, Maldonado is no longer incarcerated at Tamms, and these defendants would serve no role in any injunctive relief this Court would order. Accordingly, the Court grants Godinez and Johnson's motion to dismiss and dismisses them as defendants in this case.

Maldonado next objects to the portion of the R & R dismissing Powers in his official capacity. The Eleventh Amendment precludes a suit against state officials in their official capacities for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); Wynn *v. Southward*, 251 F.3d 588, 592 (2001). Because the Court has denied injunctive relief, Maldonado's only remaining claims are for money damages. Maldonado's remaining claim against Powers in his official capacity is therefore precluded by the Eleventh Amendment. Accordingly, the Court dismisses Powers in his official capacity.

Finally, Maldonado objects to the portion of the R & R recommending this Court deny his motion to amend complaint. A district court may grant leave to amend the complaint after the deadline to amend as of course has passed. Fed. R. Civ. P. 15(a)(2). "The court should

freely give leave when justice so requires." *Id*. However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

In his motion to amend complaint, Maldonado seeks to add facts surrounding Johnson, Osman, and Allen's roles in denying his grievances which he believes will sustain the dismissed claims against these three defendants. He also seeks to substitute Godinez with Gregory Lambert, the current Chief Administrative Officer at Tamms. [T]he alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, it would be futile to allow Maldonado to amend his complaint as to Johnson, Osman, and Allen because the amended complaint would not state a claim against these defendants. With respect to Lambert, he alleges no direct involvement in any of his claims, but the Court assumes Maldonado seeks to include Lambert for the same injunctive purposes for which Godinez remained in the complaint. Maldonado, however, is no longer in Tamms and the Court has denied his motion for injunctive relief. Thus, it would be futile for Maldonado to amend his complaint to substitute Lambert as a defendant. Accordingly, the Court denies Maldonado's motion to amend complaint.

4. Conclusion

For the foregoing reasons the Court

- **ADOPTS** the R & R (Doc. 44);
- **DENIES** Maldonado's request for injunctive relief (Doc. 38);
- **GRANTS** Godinez and Johnson's motion to dismiss (Doc. 28);
- **DISMISSES** all claims against Powers in his official capacity;

- **DISMISSES** Godinez and Johnson as defendants in this case; and
- **DENIES** Maldonado's motion to amend complaint (Doc. 33).

This case will now proceed only against Powers in his individual capacity and Wexford Health Sources, Inc.

**IT IS SO ORDERED.**

**DATED:** February 19, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
