IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROY MALDONADO,

    Plaintiff,

vs.

MARVIN POWERS, WEXFORD HEALTH
SOURCES, INC., SALVADORE A.
GODINEZ, and YOLANDE JOHNSON,

    Defendants.

Case No. 12-cv-773-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 93) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part the defendants Marvin Powers' and Wexford Health Sources, Inc.'s ("Wexford") (collectively "Defendants") motion for summary judgment (Doc. 61). For the following reasons, the Court adopts the R & R in its entirety.

    **1. R & R Review Standard**

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the R & R to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Magistrate Judge Frazier recommended Defendants' motion for summary judgment be granted to the extent it seeks judgment as a matter of law on behalf of Wexford.  The Court has received no objection to this portion of the R & R.  The Court has reviewed this portion of the R & R and finds it is not clearly erroneous.  Accordingly, the Court grants the motion for summary judgment to the extent it enters judgment in favor of Wexford.  Magistrate Judge Frazier recommended Defendants' motion for summary judgment be denied to the extent it seeks summary judgment for Powers.  Powers filed his objection.  Accordingly, the Court will review *de novo* the portion of the R & R recommending the Court deny the motion for summary judgment with respect to Powers.

   2.  **Summary Judgment Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).  If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim.  It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which she carries the burden of proof at trial  *Celotex*, 477 U.S. at 322-23, 325.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

3. **Facts**

Maldonado, currently in the custody of the Illinois Department of Corrections and incarcerated at Pontiac Correctional Center, suffered damage to his ears prior to his incarceration. Maldonado's ear problems have continued to follow him in prison as evidenced by his record of chronic otitis media (ear infections) resulting from bilateral perforate tympanic membranes (ear drums). While incarcerated at Tamms Correctional Center ("Tamms") from 2004 through 2012, the painful ear infections resulted in a fluid that was "clear gooey liquid or greenish/yellowish in color and sometimes mixed with blood" to discharge from Maldonado's ears.

Maldonado alleges that Powers, a Tamms physician, was deliberately indifferent to this condition. Specifically, Powers repeatedly treated Maldonado's recurring ear infections[1] with antibiotics and pain medicine over a course of seven years. The parties agree that this treatment provided at least temporary relief. Maldonado asserts Powers refused to refer him to an outside

---

[1] It is not clear whether Maldonado suffered a series of multiple ear infections or one continuous ear infection during his time at Tamms.

specialist because of the cost.[2] Maldonado provides evidence in the form of his grievances that this course of treatment cause him to suffer pain and hearing loss. Maldonado also asserts that he contracted methicillin-resistant staphylococcus aureus ("MRSA") as a result of Powers' excessive prescription of antibiotics.

Powers filed his motion for summary judgment arguing he is entitled to judgment as a matter of law because Maldonado cannot demonstrate Powers was deliberately indifferent. Specifically, Powers argues he treated Maldonado repeatedly with antibiotics and pain medication and that course of treatment improved Maldonado's condition each time. Powers asserts he declined to refer Maldonado to an outside specialist because Maldonado had expressed he did not want surgery on either of his ears. Further, Powers asserts that MRSA occurs in prison environments and Maldonado's repeated use of antibiotics did not necessarily cause his MRSA infection.

Maldonado does not deny that Powers repeatedly treated the ear infections with antibiotics. Maldonado, however, argues that Powers' treatment was "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' his condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). He attaches multiple grievances in which he requests a referral to an outside specialist. Maldonado argues a jury could infer deliberate indifference from Powers' refusal to alter his course of treatment or refer Maldonado for more than seven years during which time Maldonado repeatedly suffered painful ear infections.

Maldonado also attaches as an exhibit Wexford's "Outpatient Clinical Guidelines" (Doc. 90-1). Those Guidelines suggest the physician "consider collegial review" if the "ear pain and/or ear discharge or bleeding" shows "no improvement in 7-10 days" (Doc. 90-1, p. 20). Similarly,

---

[2] Powers asserts he did not make a referral because he thought the antibiotics were effective and/or that Maldonado would refuse surgery. The parties dispute this fact. However, at the motion for summary judgment stage, the evidence must be construed in favor of the non-moving party.

4

the Guidelines suggest the physician "consider collegial review" if "perforation of the eardrum" shows no improvement (Doc. 90-1, p. 20).

Magistrate Judge Frazier recommended that Powers' motion for summary judgment be denied finding that "a fair-minded jury could return a verdict for Maldonado on the evidence presented." Powers filed an objection arguing that Powers treated Maldonado's ear infections with antibiotics and that treatment improved Maldonado's condition. Further, "[e]ven if Maldonado asked for a referral []Powers did not believe Maldonado required a referral to a specialist because the ear infections responded to treatment" (Doc. 94, p. 3). The Court will conduct a *de novo* review to determine whether Powers is entitled to judgment as a matter of law.

### 4. Analysis

The Eighth Amendment imposes liability on prison officials who "intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Accordingly, Maldonado must establish he suffered from an "objectively serious medical condition" and medical officials "were aware of the serious medical need and were deliberately indifferent to it." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The parties agree that Maldonado suffers from an objectively serious medical need; however, they disagree over whether Powers was deliberately indifferent.

Maldonado can establish Powers was deliberately indifferent if Powers' treatment was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *King*, 680 F.3d at 1018-19. Maldonado may also recover if he can prove Powers "deliberately gave him a certain kind of treatment knowing that it was ineffective . . . as a way of choosing 'the

5

easier and less efficacious treatment.'" *Kelley v. McGinnis*, 899 F.2d 612 (7th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). However, medical malpractice or a "mere disagreement with a doctor's medical judgment" will not establish deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citing *Estelle*, 429 U.S. at 106); *see also Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

For the reasons explained in the R & R and from the evidence before this Court, a reasonable jury could find that Powers was deliberately indifferent to Maldonado's condition. Powers persisted in treating Maldonado's repeat ear infections with antibiotics over the course of seven years. Maldonado's evidence describes the pain and the drainage from his ears resulting from these infections recurred, and Maldonado requested a referral to an outside specialist. Maldonado has produced evidence that Powers refused to refer him to an outside specialist over a course of seven years of repeat ear infections because it would be too costly. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (stating a jury could find deliberate indifference where a doctor refused to refer an inmate, who was vomiting and experiencing unrelenting heartburn, to a specialist over a two-year period). Rather, over a course of seven years, Powers persisted in the less efficacious treatment of antibiotics and pain killers knowing that they would not prevent future ear infections (or completely cure the instant ear infection) and the pain Maldonado experienced as a result of those infections. *See Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (medical treatment necessary to preclude severe pain triggers the Eight Amendment). As such, a jury could infer that Powers was deliberately indifferent to Maldonado's condition.

### 5. Conclusion

For the foregoing reasons the Court:

- **ADOPTS** the R & R (Doc. 93);

- **GRANTS in part** and **DENIES in part** the motion for summary judgment (Doc. 61). Specifically, the Court grants the motion for summary judgment to the extent it dismisses Wexford and denies the motion for summary judgment with respect to the claims against Powers; and

- **DISMISSES** all claims against Wexford and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

The Court notes that efforts to recruit counsel for Maldonado have been unsuccessful (Doc. 83). The Court has "no statutory authority to 'appoint' counsel" in cases brought under 42 U.S.C. § 1983. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864 (7th Cir. 2013). "All a district court can do is seek a volunteer." *Id*. The Court will renew its effort to recruit volunteer counsel.

The Court further **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before August 8, 2014.

**IT IS SO ORDERED.**

**DATED:** June 26, 2014

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**